IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JAMES LANDERO and JULIE LANDERO, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CASE NO. _____ |
| LIBERTY INSURANCE CORPORATION and AARON MOYRES, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(b) and Local Rule CV-81.1, Defendants Liberty Insurance Corporation ("Liberty") and Aaron Moyers ("Moyers," and together with Liberty, "Defendants") file this *Notice of Removal* hereby removing this action from the 42nd Judicial District Court of Callahan County, Texas to the United States District Court for the Northern District of Texas, Abilene Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiffs James Landero and Julie Landero (collectively, "Plaintiffs") and Liberty, and the amount in controversy exceeds $75,000, exclusive of interest and costs. As explained below, Moyers was improperly joined, and this Court therefore should disregard Moyers's citizenship when evaluating diversity, and he should be dismissed as a matter of law upon removal.

### I.
### INTRODUCTION

This dispute arises out of a claim for alleged hail damage to property located at 11395 FM 1178, Abilene, Texas 79602-9117 (the "Property"). Plaintiffs allege that

---

Liberty breached a policy of insurance (the "Policy") and that both Defendants violated certain provisions of the TEXAS INSURANCE CODE by, among other things, failing to pay Plaintiffs' claim for damages allegedly resulting from hail.

On November 18, 2015, Plaintiffs filed their Original Petition in the 42nd Judicial District Court of Callahan County, Texas against Defendants.  Liberty was served with a citation and a copy of Plaintiffs' Original Petition on or about December 17, 2015 through its registered agent for service of process. Moyers was personally served with a citation and a copy of Plaintiff's Original Petition on or about December 22, 2015.

On January 8, 2016, Defendants timely filed their answer to Plaintiffs' Original Petition.  This Notice of Removal is being filed within thirty (30) days of service of the Petition upon Defendants and is thus timely filed under 28 U.S.C. § 1446(b).  As explained below, removal is proper in this case because there is complete diversity of citizenship between the properly joined parties, and it is apparent from the face of Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00.

## II.
## BASIS FOR REMOVAL

**A.    DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a).  Plaintiffs have alleged in their Original Petition that they are residents of the State of Texas.  *See* Plaintiff's Original Petition at ¶ 2.  Liberty is a corporation organized under the laws of the State of Illinois with its principal place of business in Boston, Massachusetts.  Liberty is both an Illinois and Massachusetts citizen for diversity purposes. Accordingly, there exists complete diversity of citizenship between the Plaintiffs and Liberty as the only properly joined defendant in this matter.

1. **Standards for Improper Joinder**

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal, *i.e.*, Plaintiffs' Original Petition. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. June 19, 2013). As discussed below, Plaintiffs' Original Petition fails to state a plausible claim for relief against Moyers.

A defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Smallwood*, 385 F.3d at 573.

2. **Moyers was Improperly Joined**

Here, Defendants seek removal under the latter part of the improper joinder test because Plaintiffs' pleading provides no reasonable basis for this Court to predict that Texas law would allow recovery against Moyers. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a

hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may conduct a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). The Court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. While an adjuster, such as Moyers, can be found liable in his individual capacity, *Safeco Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 485 (Tex. 1998), Plaintiffs' Original Petition, which simply regurgitates the underlying statutory language, is factually deficient and fails to state a cause of action against Moyers.

As an initial inquiry, a court must ask whether it appears from the petition that the plaintiff actually intended to sue the non-diverse defendant, *i.e.*, whether "the record … support[s] any inference that the [Plaintiff] intended to actively pursue claims" against Moyers. *Griggs*, 181 F.3d at 699; *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490, 21-22 (S.D. Tex. June 19, 2013). Courts in the Fifth Circuit have considered the following factors in making this evaluation: (1) whether the defendant is merely minimally mentioned, (2) whether he was ever served, and (3) whether any actionable claims are specifically alleged against him. *See e.g.*, *Griggs*, 181 F.3d at 699.

Plaintiffs' Original Petition identifies Moyers by name, but the allegations against him are minimal, provide no substantive facts, and, therefore, fail to establish a plausible

claim. More specifically, the allegations against Moyers in the "Facts" section of Plaintiffs' Original Petition merely state that he was assigned as an adjuster on Plaintiffs' claim and that such investigation was "substandard" and his report "undervalued" the damage. *See* Plaintiffs' Original Petition at ¶ 15. For the most part, the remaining allegations against Moyers merely track the statutory provisions.

As explained by the Southern District of Texas in a case very similar to this one, such actions can be accomplished by Liberty through an agent, and as such, Moyers's actions are indistinguishable from Liberty's actions. *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 21-22. *See also*, *Atascocita Realty, Inc. v. W. Heritage Ins. Co.*, 2012 U.S. Dist. LEXIS 130526 (S.D. Tex. Sept. 13, 2012) (holding that when an adjuster's actions can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011) (plaintiff's "conclusory" allegations against individual adjuster for insufficient investigation and undervaluing claim amounted to improper joinder); *Weldon Contractors Ltd. v. Fireman's Fund* Ins. Co., No. 4:09–CV–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (finding improper joinder where allegations listing Insurance Code provisions and alleging that both defendants violated them were merely "legal conclusions couched as factual allegations" and stating that the plaintiff failed to allege facts showing that the adjuster performed any act that could be a violation of these provisions). As the Eastern District has explained, "generic" factual allegations against a defendant adjuster simply do not state a claim against an

adjuster. *Slabaugh v. Allstate Ins. Co.*, no. 4:15-cv-115, 2015 WL 4046250, at *3 (E.D. Tex. June 30, 2015); *Calvary United Pentecostal Church v. Church Mut. Ins. Co.*, 4:15-CV-365, 2015 WL 5354827, at *3 (E.D. Tex. Sept. 14, 2015) ("[T]he plaintiff must demonstrate that the adjuster, as an individual, committed the Texas Insurance Code violation ... that caused the harm" by alleging "specific, actionable conduct.").

Moreover, Moyers – a non-employee, independent adjuster – did not have any authority to affirm or deny coverage under the Policy. The case of *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721 (N.D. Tex. 2014) (J. Solis)[1] is squarely on-point with the facts of the present case. In *Messersmith*, Jeff and Jan's Coin Laundry ("Coin Laundry") sued its insurance carrier and the carrier's adjuster for the alleged improper handling of a hail damage claim asserted by Coin Laundry pursuant to an insurance policy with Nationwide Mutual Fire Insurance Company ("Nationwide"). Among other causes of action not pertinent to this case, Coin Laundry sued Nationwide's adjuster for violations of the Texas Insurance Code.

The *Messersmith* court addressed the adjuster's alleged violations of various provisions of § 541.060 of the Texas Insurance Code. First, the court held the adjuster did not violate § 541.060(a)(1), because the alleged misrepresentations did not "relate[] to the coverage at issue" as the statute requires. *Messersmith*, 10 F. Supp. 3d at 724; *see* Tex. Ins. Code § 541.060(a)(1). As the court explained, the alleged misrepresentation "must be about the details of a policy, not the facts giving rise to a claim for coverage." *Id.* In other words, to violate this particular provision of the statue, the adjuster would have had to represent to Coin Laundry that "it would receive a particular kind of policy

---

[1] *See also*, *One Way Investments Inc. v. Century Surety Company,* Civil Action No. 3:14–CV–2839–D, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014) (J. Fitzwater) – another recent case holding that joinder of an adjuster defendant was improper under allegations and facts very similar to those in the present case.

that it did not receive" or that she "denied coverage against loss under specific circumstances that [she] previously had represented would be covered." *Id.* Ultimately, the court held that because the misrepresentation alleged by Coin Laundry was not about the "breadth or existence of coverage" but rather about "facts that gave rise to a policy claim," it was not the type of misrepresentation protected by § 541.060(a)(1). *Id.*

The court next turned to Coin Laundry's allegation that the adjuster violated § 541.060(a)(2) because she "fail[ed] to attempt in good faith to effectuate a prompt, fair, and equitable settlement." Tex. Ins. Code § 541.060(a)(2). The court again found the adjuster was not liable under this provision because she did "not have settlement authority on behalf of Nationwide; her sole role [was] to assess the damage." *Messersmith*, 10 F. Supp. 3d at 724.

Finally, the *Messersmith* court addressed Coin Laundry's allegation that the adjuster "refus[ed] to pay a claim without conducting a reasonable investigation with respect to the claim" in violation of § 541.060(a)(7). Tex. Ins. Code § 541.060(a)(7). The court held this claim too would not stand against the adjuster individually because it derives from a carrier's refusal to pay a claim under certain circumstances. "Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, ***not the individual responsible for conducting the investigation***." *Messersmith*, 10 F. Supp. 3d at 725 (emphasis added). Thus, the court concluded that the adjuster was improperly joined, removal was proper, and Coin Laundry's motion to remand was denied. *Id.*

Just like the adjuster in *Messersmith*, Moyers has been improperly joined in a thinly-veiled attempt to defeat this Court's subject-matter jurisdiction. As was the case in

*Messersmith*, Moyers was an independent adjuster hired by Liberty through an outside adjusting company for the sole purpose of investigating Plaintiff's claim, assessing any damage, and reporting his findings to Liberty. Moyers did not have authority to make any decisions regarding settlement of the claim, nor did he have the ability to affirm or deny coverage under the Policy. The Insurance Code violations alleged against Moyers by Plaintiffs[2] stem from Moyers's assessment of Plaintiffs' alleged Property damage and the facts that gave rise to Plaintiff's claim under the Policy; they do not stem from statements Moyers made about the "breadth or existence of coverage" under the Policy. Accordingly, as was the case in *Messersmith*, Plaintiff has failed to establish – through their conclusory allegations and mere recitation of boilerplate statutory provisions – a plausible claim against Moyers for violations of the Texas Insurance Code.

Futher, Plaintiffs have failed to allege actionable claims against Moyers for fraud and conspiracy to commit fraud. Plaintiffs' common law fraud claim against Moyers is derivative of their allegations that Moyers made misrepresnations to them in violation of § 541 of the Texas Insurance Code. Indeed, Plaintiffs admit as much in their pleading. *See* Plaintiffs' Original Petition at ¶ 43. However, as shown directly above, any alleged misrepresentations by Moyers are not violative of the Insurance Code. Accordingly, Plaintiffs' likewise have failed to establish a plausible claim against Moyers for common law fraud. Finally, and for the same reassons, Plaintiffs' claim against Moyers for conspiracy to commit fraud also fails. For all of these reasons, Moyers has been improperly joined in this suit.

---

[2] Plaintiff asserts violations of the Insurance Code in addition to those addressed by *Messersmith*. However, the *Messersmith court's* rational and analyses apply equally to Plaintiff's other alleged Insurance Code violations, and yield the same result. Each of those provisions require Moyers to act in a capacity and possess authority beyond that which was bestowed upon Moyers in this case.

### 3. This Court Should Disregard Moyer's Citizenship When Evaluating Diversity

It is well-settled that the presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Because there is no reasonable basis for this Court to predict that Plaintiffs might be able to recover against Moyers, Moyers's presence should be disregarded in determining diversity jurisdiction, and he should be dismissed from this lawsuit upon removal. *Id*.

Upon Plaintiffs' own admission, they are Texas citizens. Liberty is a citizen of both Illinois and Massachusetts, and because Moyers has been improperly joined, complete diversity of citizenship exists between the properly joined parties.

### B. AMOUNT IN CONTROVERSY

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Here, it is apparent from the face of Plaintiffs' Original Petition that their claims exceed $75,000.00. Plaintiffs specifically plead that they "seeks monetary relief over $200,000 but not more than $1,000.00." Plaintiffs' Original Petition at ¶ 5.

### III.
### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 8.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet and a signed Certificate of Interested Persons that complies with LR 3.1(c). Additionally, the following exhibits are attached:

- **EXHIBIT A**      Index of all documents filed in the state court action;

- **EXHIBIT B**: Register of Actions in the state court action; and

- **EXHIBITS C1 – C2**: A copy of each document filed in the state court action.

## IV.
## REQUEST FOR RELIEF

Based on the foregoing, Defendants Liberty Insurance Corporation and Aaron Moyers respectfully request that the above-captioned action now pending in the 42nd Judicial District Court, Callahan County, Texas be removed to the United States District Court for the Northern District of Texas, Abilene Division. Defendants further request all such other and further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Mark D. Tillman*
MARK TILLMAN
State Bar No. 00794742
DANIEL C. SCOTT
State Bar No. 24051316

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
mark.tillman@tb-llp.com
dan.scott@tb-llp.com

**ATTORNEYS FOR DEFENDANTS LIBERTY INSURANCE CORPORATION and AARON MOYERS**

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiffs' counsel of record via electronic means and/or facsimile, on the 15th day of January, 2016, in accordance with the Federal Rules of Civil Procedure.

  Gregory F. Cox
  SBN 00793561
  **MOSTYN LAW FIRM**
  6280 Delaware Street
  Beaumont, Texas 77706
  Telephone: (409) 832-2777
  Facsimile: (409) 832-2703
  gfcdocketefile@mostynlaw.com


               */s/ Mark D. Tillman*
               MARK D. TILLMAN