

**CORPORATION SERVICE COMPANY®**

**null / ALL**
**Transmittal Number: 14587058**
**Date Processed: 12/17/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| **Entity:** | Liberty Insurance Corporation<br>Entity ID Number  2538339 |
| **Entity Served:** | Liberty Insurance Corporation |
| **Title of Action:** | James Landero vs. Liberty Insurance Corporation |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Callahan County District Court, Texas |
| **Case/Reference No:** | 20642 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/17/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Gregory F. Cox<br>409-832-2777 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

## EXHIBIT C-1

12.113751

*CIH 12/17/15*
*@ 11:00 AM*

CITATION FOR PERSONAL SERVICE

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

**TO: LIBERTY INSURANCE CORPORATION, ATTORNEY FOR SERVICE, CORPORATION SERVICE COMPANY 211 EAST 7TH STREET, SUITE 620 AUSTIN, TEXAS 78701**

**Defendant, GREETINGS:**

You are hereby commanded to appear by filing a written answer to the Plaintiff's **PLAINTIFF'S ORIGINAL PETITION** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 42nd Judicial Court of Callahan County, Texas, at the Courthouse of said County in Baird, Texas.

Said Plaintiff's Petition was filed in said Court, by **GREGORY COX** (attorney for the Plaintiff), whose address is **6280 DELAWARE STREET, BEAUMONT, TX 77706** on the **11/18/2015**, in this case numbered **20,642** on the docket of said court, styled:
**JAMES LANDERO AND JULIE LANDERO**
**vs**
**LIBERTY INSURANCE CORPORATION AND AARON MOYRES**
The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's **PLAINTIFF'S ORIGINAL PETITION**, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said Court at Baird, Texas, this **11/19/2015**.

Attached Per Request of Attorney:

*Amber Tinsley*

Amber Tinsley, District Clerk, Callahan County
100 West 4th Street, Suite 300
Baird, Texas 79504

By: _____
   Deputy

*Delivered*
12/17/15
*[signature]*
SCH: 11505   Ex: 5/31/18

DEFENDANT'S COPY

# OFFICERS RETURN

Came to hand on _____, 20___, at _____o'clock __M.,

and executed in _____ County, Texas, by delivering to the within named

_____ Defendant, in person, a true copy of this Citation, having

first endorsed there-on the date of delivery, together with the accompanying true and correct copy of the Plaintiff's

Petition, on the _____ day of _____, 20___, at _____o'clock ___. M. at

_____

(place of service)

NOT EXECUTED FOR THE FOLLOWING REASON:

_____

_____

_____<br>
Signature of Authorized person serving citation

SHERIFF OF _____

COUNTY, TEXAS

By: _____

Deputy

## CERTIFICATE OF SERVICE BY CERTIFIED OR REGISTERED MAIL

A true copy of this citation and the plaintiff's petition were deposited in the United States mail, with delivery restricted to addressee only, namely _____ Defendant, registry or Certificate No._____ return receipt requested. On _____ the return receipt was returned to this Court signed by _____ and dated _____.

_____

Amber Tinsley, District Clerk, Callahan County

By:_____

Deputy

## VERIFICATION

State of Texas

County of _____

Before me, on this day personally appeared _____, who being duly sworn on his oath deposed and said that he is of sound mind, and in no manner interested in the within styled and numbered cause, and competent to make the oath of the facts herein contained therein is within his personal knowledge true and correct.

_____

Signature of authorized person serving citation

Subscribed and sworn to before me on _____, _____, to certify which my hand and official seal.

_____

seal                                                     Notary Public

## SIGNED UNDER PENALTY OF PERJURY

My name is _____, my date of birth is _____ and my address is

     (First)     (Middle)     (Last)

_____, _____, _____, _____ and _____

   (Street)        (City)     (State)  (Zip Code)        (Country)

I declare under penalty of perjury that the foregoing is true and correct.

Executed in _____ County, State of _____, on the ___ day of _____, _____.

_____

Declarant

20642

Filed 11/18/2015 11:39:13 AM
Amber Tinsley
District Clerk
Callahan County, Texas

Amber Tinsley

CAUSE NO. _____

| | | |
|---|---|---|
| **JAMES LANDERO AND JULIE LANDERO,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **v.** | § | **CALLAHAN COUNTY, TEXAS** |
| | § | |
| **LIBERTY INSURANCE CORPORATION AND AARON MOYRES,** | § | |
| | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, James Landero and Julie Landero ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of Liberty Insurance Corporation ("Liberty") and Aaron Moyers ("Moyers") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2.     Plaintiffs James Landero and Julie Landero are individuals residing in Callahan County, Texas.

3.   Defendant Liberty is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.     Defendant Aaron Moyers is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 715 West 5th Street, Idalou, Texas 79329.

## JURISDICTION

5.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.     The Court has jurisdiction over Defendant Liberty because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.     The Court has jurisdiction over Defendant Moyers because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Callahan County, Texas, because the insured property is situated in Callahan County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.    Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Liberty.

10.   Plaintiffs own the insured property, which is specifically located at 11395 FM 1178, Abilene, Texas 79602, in Callahan County (hereinafter referred to as "the Property").

11.   Liberty sold the Policy insuring the Property to Plaintiffs.

12.   On or about June 12, 2014 (incorrectly stated by Defendants as April 3, 2014 in Plaintiffs' claim documents), a hail storm and/or windstorm struck Callahan County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence. Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring in the dining room and living room. Plaintiffs' home also sustained substantial structural and exterior damage during the storm to the porch and a/c units. Immediately after the storm, Plaintiffs filed a claim with their insurance company, Liberty, for the damages to their home caused by the hail storm and/or windstorm.

13.   Plaintiffs submitted a claim to Liberty against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

14.   Plaintiffs asked that Liberty cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the a/c units, porch, and all interior water damages to the Property, pursuant to the Policy.

15.   Defendant Liberty assigned Defendant Moyers as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.   On or about June 26, 2014, Moyers conducted a substandard inspection of Plaintiffs' property.  For example, Moyers spent a mere fifteen (15) minutes inspecting Plaintiffs' entire property for hail storm and/or windstorm damages.  Furthermore, Moyers made coverage decisions and told Plaintiffs which damages specifically would and would not be covered.   Moyers was neither qualified nor authorized to make coverage determinations.  The inadequacy of Moyers' inspection is further evidenced by his report, which failed to include any of Plaintiffs' hail storm and/or windstorm damages noted upon inspection.   Ultimately, Moyers' estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.  Moyers' inadequate investigation was relied upon by Liberty in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

16.   Defendant Liberty's personnel failed to thoroughly review and properly oversee the work of their assigned adjuster, including Defendant Moyers, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiffs' claim.  As a result of this unreasonable investigation, Plaintiffs were considerably underpaid on their claim and have suffered damages.

17.   Together, Defendants Liberty and Moyers set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-

scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

18.  As detailed in the paragraphs below, Liberty wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Liberty underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

19.  To date, Liberty continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

20.  Defendant Liberty failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Liberty's conduct constitutes a breach of the insurance contract between Liberty and Plaintiffs.

21.  Defendants Liberty and Moyers misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Liberty's and Moyers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22.    Defendants Liberty and Moyers failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Liberty's and Moyers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23.    Defendants Liberty and Moyers failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Liberty and Moyers failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Liberty and Moyers did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Liberty's and Moyers' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24.    Defendants Liberty and Moyers failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Liberty and Moyers. Defendants Liberty's and Moyers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25.    Defendants Liberty and Moyers refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Liberty and Moyers failed to conduct a reasonable investigation. Specifically, Defendants Liberty and Moyers performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Liberty's and

Moyers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26.    Defendant Liberty failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27.    Defendant Liberty failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28.    Defendant Liberty failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29.    From and after the time Plaintiffs' claim was presented to Defendant Liberty, the liability of Liberty to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Liberty has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.   Defendants Liberty and Moyers knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

31.   As a result of Defendants Liberty's and Moyers' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

32.   Plaintiffs' experience is not an isolated case. The acts and omissions Liberty committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Liberty with regard to handling these types of claims. Liberty's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

**CAUSES OF ACTION AGAINST DEFENDANT MOYERS**
**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

33.   Defendant Liberty assigned Defendant Moyers to adjust the claim. Defendant Moyers was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During his investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages. The adjuster also omitted covered damages from his report, including all of Plaintiffs' damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

34.   Defendant Moyers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.   Defendant Moyers is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Liberty, because he is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Moyers' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Moyers' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue,

Page 9

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37. Defendant Moyers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38. Defendant Moyers failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement. Specifically, Defendant Moyers failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant Moyers as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39. Defendant Moyers' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40. Defendant Moyers did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Liberty. Defendant Moyers' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

41. Plaintiffs are not making any claims for relief under federal law.

### FRAUD

42. Defendants Liberty and Moyers are liable to Plaintiffs for common law fraud.

43. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Liberty and Moyers knew were false or made recklessly without any knowledge of their truth as a positive assertion.

44. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

45. Defendants Liberty and Moyers are liable to Plaintiffs for conspiracy to commit fraud. Defendants Liberty and Moyers were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken

against Plaintiffs, Defendants Liberty and Moyers committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST LIBERTY ONLY

46.     Defendant Liberty is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

47.     Defendant Liberty's conduct constitutes a breach of the insurance contract made between Liberty and Plaintiffs.

48.     Defendant Liberty's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Liberty's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

49.     Defendant Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

50.     Defendant Liberty's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

51.     Defendant Liberty's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even

though Liberty's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

52.     Defendant Liberty's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

53.     Defendant Liberty's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

54.     Defendant Liberty's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

55.     Defendant Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

56.     Defendant Liberty's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms

Page 13

that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

57. Defendant Liberty's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

58. Defendant Liberty's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

59. As referenced and described above, and further conduct throughout this litigation and lawsuit, Moyers is an agent of Liberty based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

60. Separately, and/or in the alternative, as referenced and described above, Liberty ratified the actions and conduct of Moyers including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

61. Defendant Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

62. Defendant Liberty's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Liberty knew or should have known

by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

63.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### DAMAGES

64.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

65.   As previously mentioned, the damages caused by the June 12, 2014, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.   These damages are a direct result of Defendant Liberty's and Moyers' mishandling of Plaintiffs' claim in violation of the laws set forth above.

66.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

67.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

68.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum

on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

69.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

70.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

72.    Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Callahan County, Texas. Plaintiffs hereby tender the appropriate jury fee.

### WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

73.    *Plaintiffs' Request for Disclosure to Defendant Liberty Insurance Corporation* is attached as "Exhibit A." *Plaintiffs' Request for Disclosure to Defendant Aaron Moyers* is attached as "Exhibit A-1."

Page 16

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

  */s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

Page 17

**"EXHIBIT A"**

**CAUSE NO.**_____

| | | |
|---|---|---|
| **JAMES LANDERO AND JULIE** | § | **IN THE DISTRICT COURT OF** |
| **LANDERO,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CALLAHAN COUNTY, TEXAS** |
| | § | |
| **LIBERTY INSURANCE** | § | |
| **CORPORATION AND AARON** | § | |
| **MOYRES,** | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT LIBERTY INSURANCE CORPORATION

TO:   DEFENDANT LIBERTY INSURANCE CORPORATION, by and through its Registered Agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Liberty Insurance Corporation (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**


*/s/ Gregory F. Cox*_____
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

## "EXHIBIT A-1"

### CAUSE NO._____

| | | |
|---|---|---|
| **JAMES LANDERO AND JULIE** | § | **IN THE DISTRICT COURT OF** |
| **LANDERO,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CALLAHAN COUNTY, TEXAS** |
| | § | |
| **LIBERTY INSURANCE** | § | |
| **CORPORATION AND AARON** | § | |
| **MOYRES,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT AARON MOYERS

TO:   DEFENDANT AARON MOYERS, at 715 West 5th Street, Idalou, Texas 79329.

　　　Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Aaron Moyers (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

　　　　　　　　　Respectfully submitted,

　　　　　　　　　**MOSTYN LAW**


　　　　　　　　　 */s/ Gregory F. Cox*
　　　　　　　　　Gregory F. Cox
　　　　　　　　　State Bar No. 00793561
　　　　　　　　　gfcdocketefile@mostynlaw.com
　　　　　　　　　6280 Delaware Street
　　　　　　　　　Beaumont, Texas 77706
　　　　　　　　　(409) 832-2777 (Office)
　　　　　　　　　(409) 832-2703 (Facsimile)

　　　　　　　　　**ATTORNEY FOR PLAINTIFFS**