**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **JAMES LANDERO AND JULIE** | § | |
| **LANDERO,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:16-CV-00008-P** |
| | § | |
| **LIBERTY INSURANCE** | § | **JURY** |
| **CORPORATION AND AARON** | § | |
| **MOYRES,** | § | |
| *Defendants*. | § | |

---

## PLAINTIFFS' FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, James Landero and Julie Landero ("Plaintiffs") and file this, *Plaintiffs' First Amended Complaint*, complaining of Liberty Insurance Corporation ("Liberty") and Aaron Moyers ("Moyers") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### PARTIES

1.  Plaintiffs James Landero and Julie Landero are individuals residing in Callahan County, Texas.

2.  Defendant Liberty is a foreign insurance company engaging in the business of insurance in the State of Texas.  This defendant is properly before the Court.

3.  Defendant Aaron Moyers is an individual residing in and domiciled in the State of Texas, and is a citizen of the State of Texas.  This defendant is properly before the Court.

## JURISDICTION

4.     This case was originally filed in the District Court of Callahan County, Texas, and all

claims asserted arose under state law.  Defendants removed asserting federal diversity

jurisdiction pursuant to 28 U.S.C. §1332.

## VENUE

5.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2)

because Plaintiffs' insured real property made the basis of this suit is situated in this

district and division and all or a substantial part of the events or omissions giving rise to

Plaintiffs' claims occurred in this district and division.

## FACTS

6.     Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred

to as "the Policy"), which was issued by Liberty.

7.     Plaintiffs own the insured property, which is specifically located at 11395 FM 1178 S,

Abilene, Texas 79602, in Callahan County (hereinafter referred to as "the Property").

8.     Liberty sold the Policy insuring the Property to Plaintiffs.

9.     On or about June 12, 2014 (incorrectly stated by Defendants as April 3, 2014 on

Plaintiffs' claim documents), a hail storm and/or windstorm struck Callahan County,

Texas, causing severe damage to homes and businesses throughout the area, including

Plaintiffs' residence.  Specifically, Plaintiffs' roof sustained extensive damage during the

storm.  Water intrusion through the roof caused significant damage throughout the entire

home including, but not limited to, the home's ceilings, walls, insulation, and flooring in

the dining room and living room.  Plaintiffs' home also sustained substantial structural

and exterior damage during the storm, including damage to the porch, window screen(s),

and A/C units.  Furthermore, the storm also caused significant damage to the shop located

on the Property.  Additionally, Plaintiffs sustained significant damage to their personal

belongings and contents within the home.  Immediately after the storm, Plaintiffs filed a

claim with their insurance company, Liberty, for the damages to their home caused by the

hail storm and/or windstorm.

10.   Plaintiffs submitted a claim to Liberty against the Policy for Contents Damage, Other

Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage

the Property sustained as a result of the hail storm and/or windstorm.

11.   Plaintiffs asked that Liberty cover the cost of repairs to the Property, including but not

limited to, repair and/or replacement of the roof and repair of the a/c units, porch, and all

interior water damages pursuant to the Policy.

12.   Defendant Liberty assigned Defendant Moyers as the individual adjuster on the claim.

The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a

thorough investigation of Plaintiffs' claim.   On or about June 26, 2014, Moyers

conducted a substandard inspection of Plaintiffs' property, spending only about fifteen

(15) minutes on his inspection of the Property and failing to thoroughly inspect all of the

damages to, both the interior and exterior of the Property.   Specifically, Defendant

Moyers failed to inspect the interior of the home.  Furthermore, Moyers made coverage

decisions and told Plaintiffs, which damages specifically would and would not be

covered.  Moyers was neither qualified nor authorized to make coverage determinations.

The inadequacy of Moyers' inspection is further evidenced by his report, which failed to

include any of Plaintiffs' hail storm and/or windstorm damages noted upon inspection.

Moyers failed to properly scope Plaintiffs' damages, underestimated, and undervalued the

cost of repairs to the damaged items, thereby failing to allow adequate funds to cover the cost of repairs to all the damages sustained.

13.     Further, in his June 26, 2014 letter to Plaintiffs, Moyers completely failed to give any reason or explanation for his decision to not compensate Plaintiffs for all of the damages they had reported.  Defendants Moyers' letter asserts vague and ambiguous reasons for the denial of the claim, only stating that "no storm related damages were found," thus no payment would be made on the claim.

14.     Although Moyers was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable inspection of Plaintiffs' damages.   Ultimately, Defendant Moyers determined that the damages were not covered under the Policy, thus no payment would be made on the claim.   Moyers' inadequate investigation was relied upon by Liberty in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

15.     Defendant Liberty's personnel failed to thoroughly review and properly oversee the work of their assigned adjuster, including Defendant Moyers, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiffs' claim.  Further, Defendants misrepresented that Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages.  Liberty denied Plaintiffs' claim without performing a reasonable investigation.  In particular, Liberty took the position that the damages caused by the June 12, 2014, hail storm and/or windstorm were not covered under the Policy.  As a result of Defendants' wrongful acts and omissions, as set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

16.     Together, Defendants Liberty and Moyers set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home.  The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

17.     As detailed in the paragraphs above and below, Liberty wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, Liberty underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

18.     To date, Liberty continues to delay in the payment for the damages to the property.  As such, Plaintiffs have not been paid in full for the damages to their home.

19.     Defendant Liberty failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Liberty's conduct constitutes a breach of the insurance contract between Liberty and Plaintiffs.

20.     Defendants Liberty and Moyers misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants Liberty's and Moyers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

21.     Defendants Liberty and Moyers failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Liberty's and Moyers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

22.     Defendants Liberty and Moyers failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendants Liberty and Moyers failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants Liberty and Moyers did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendants Liberty's and Moyers' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

23.     Defendants Liberty and Moyers failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Liberty and Moyers.  Defendants Liberty's and Moyers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(4).

24.     Defendants Liberty and Moyers refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Liberty and Moyers failed to conduct a reasonable investigation.   Specifically, Defendants Liberty and Moyers performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.   Defendants Liberty's and Moyers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

25.     Defendant Liberty failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.   Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

26.     Defendant Liberty failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.   Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

27.     Defendant Liberty failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.  Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

28. From and after the time Plaintiffs' claim was presented to Defendant Liberty, the liability of Liberty to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Liberty has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29. Defendants Liberty and Moyers knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

30. As a result of Defendants Liberty's and Moyers' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

31. Plaintiffs' experience is not an isolated case.  The acts and omissions Liberty committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Liberty with regard to handling these types of claims. Liberty's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANT MOYERS

##### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 6 through 31 as though fully set forth herein.

33.    As Defendant Liberty assigned Defendant Moyers to adjust the claim.  Defendant Moyers was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.  During all phases of the investigation, Defendant Moyers failed to properly assess Plaintiffs' storm damages.  Specifically, Defendant Moyers failed to take into account several specific instances of obvious damage and misrepresented that Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages.  The inadequacy of Defendant Moyers' investigation of Plaintiffs' claim is further evidenced by his letter to Plaintiffs dated May June 26, 2014.  Moyers' letter asserts vague and ambiguous reasons for the denial of the claim, only stating that "no storm related damages were found", thus no payment would be made on the claim.  Although Moyers was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable inspection of Plaintiffs' damages. Ultimately, Defendant Moyers determined that the damages were not covered under the Policy, thus no payment would be made on the claim.

34.    Defendant Moyers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.    Defendant Moyers is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Liberty, because he is a "person" as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an

agent, broker, *adjuster* or life and health insurance counselor." Tex. Ins. Code §541.002(2) (emphasis added).  (See also *Liberty Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Moyers' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Moyers' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(1).

37.     Defendant Moyers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(2)(A).

38.     Defendant Moyers failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.     Specifically, Defendant Moyers failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair settlement practice of Defendant Moyers, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(3).

39.     Defendant Moyers' June 26, 2014, denial letter to Plaintiffs completely failed to give any reason or explanation for his decision to not compensate Plaintiffs for all of the damages they had reported.  Defendant Moyers' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(4).

40.     Defendant Moyers did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Liberty.  Specifically, Defendant Moyers failed to inspect the interior of the home, thus denying properly covered damages.  Defendant Moyers' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a

reasonable investigation, constitutes an unfair method of competition and an unfair and

deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

41.    Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations

contained in paragraphs 6 through 40 as though fully set forth herein.

42.    Defendants Liberty and Moyers are liable to Plaintiffs for common law fraud.

43.    The intentional undervaluing of covered storm damage by Liberty and Moyers is

prevalent in Liberty's claim handling practices.  Defendants Liberty and Moyers had an

"eye to deny" Plaintiffs' claims.  This is evident in the superficial estimates and denials

of the claims by the adjusters and Liberty even when no proper inspection of the Property

had been made.  For example, Defendant Moyers determined that no payment should be

made on Plaintiffs' claim, without even inspecting the interior of Plaintiffs' home.

Further, Defendant Moyers authored a letter dated June 26, 2014, advising Plaintiffs that

the Property had been inspected and that the damages were not covered under the Policy.

However, Defendant Moyers did not properly inspect the entire property, and failed to

account for and/or undervalued many of Plaintiffs' damages, although reported by

Plaintiffs to Liberty.

44.    Ultimately, Defendants misrepresented that Plaintiffs' damages were not covered under

the Policy, when the losses, in fact, were properly covered damages.  Liberty denied

Plaintiffs' claim without performing a reasonable investigation.

45.    Defendants knew at the time the above misrepresentations were made to Plaintiffs that

they were false because a significant portion of the damages were either ignored or

improperly adjusted.   Moyers, who investigated and handled Plaintiffs' claim in accordance with the foregoing training, direction, and instruction provided by Defendant Liberty, failed to perform a thorough inspection and evaluation of Plaintiffs' storm damages, failed to cover claims that were clearly covered and, thereby denying properly covered damages.   As a result, Plaintiffs relied upon the actions and statements of Defendants by not repairing the damages for lack of funds, and/or making temporary repairs using their own limited out-of-pocket funds, further prolonging Plaintiffs' hardship of living in a damaged house.

46.    Moreover, Liberty initially represented in its Policy that covered damages would be insured against loss.   To their detriment, Plaintiffs purchased Liberty's policy in exchange for a benefit Liberty knew they would not fully receive.

47.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Liberty and Moyers knew were false or made recklessly without any knowledge of their truth as a positive assertion.

48.    The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

49.    Plaintiffs incorporate, re-allege, and adopt by reference the supportive, factual allegations contained in paragraphs 6 through 48 as though fully set forth herein.

50.    Defendants Liberty and Moyers are liable to Plaintiffs for conspiracy to commit fraud. Defendants Liberty and Moyers were members of a combination of two or more persons

whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Liberty and Moyers committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

<u>**CAUSES OF ACTION AGAINST LIBERTY ONLY**</u>

51.   Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-50 as though fully set forth herein.

52.   Defendant Liberty is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

**BREACH OF CONTRACT**

53.   Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-52 as though fully set forth herein.

54.   Defendant Liberty's conduct constitutes a breach of the insurance contract made between Liberty and Plaintiffs.

55.   Defendant Liberty's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Liberty's insurance contract with Plaintiffs.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

56.   Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-55 as though fully set forth herein.

57.   Defendant Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

58.   Defendant Liberty's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

59.   Defendant Liberty's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Liberty's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

60.   Defendant Liberty's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

61.   Defendant Liberty's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

62.  Defendant Liberty's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

63.  Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-62 as though fully set forth herein.

64.  Defendant Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

65.  Defendant Liberty's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

66.  Defendant Liberty's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

67.  Defendant Liberty's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

68.     Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-67 as though fully set forth herein.

69.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Moyers is an agent of Liberty based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

70.     Separately, and/or in the alternative, as referenced and described above, Liberty ratified the actions and conduct of Moyers including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

71.     Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-70 as though fully set forth herein.

72.     Defendant Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.  "Good faith and fair dealing" is defined as the degree and diligence, which a man of ordinary care and prudence would exercise in the management of one's own business.  *Arnold v. Nat'l Mut. Fir Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987).  This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiffs' (the policyholders) and Liberty's (the insurer) unequal bargaining power.  Part of this unequal bargaining power results from the fact that Liberty, like other insurers, controls entirely the evaluation, processing, and denial of claims.

73.     Defendant Liberty's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Liberty knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

74.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

75.     Plaintiffs incorporate, re-allege, and adopt by reference paragraphs 6-74 as though fully set forth herein.

76.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

77.     As previously mentioned, the damages caused by the June 12, 2014, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.   These damages are a direct result of Defendant Liberty's and Moyers' mishandling of Plaintiffs' claim in violation of the laws set forth above.

78.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

79.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.

For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages.  TEX. INS. CODE §541.152.

80.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

81.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

82.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

83.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

84.    Plaintiffs have requested that all causes of action alleged herein be tried before a jury consisting of citizens residing in Callahan County, Texas.  Plaintiffs previously tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

_/s/ Gregory F. Cox_
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 29th day of January, 2016, a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on all parties by and through its attorney(s) of record who are registered users of the ECF system, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

_/s/ Gregory F. Cox_
Gregory F. Cox