**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **JAMES LANDERO AND JULIE** | § | |
| **LANDERO,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-CV-00008-P-BL** |
| | § | |
| **LIBERTY INSURANCE** | § | |
| **CORPORATION AND AARON** | § | **JURY DEMANDED** |
| **MOYRES,** | § | |
|     **Defendants.** | § | |

---

### PLAINTIFFS JAMES LANDERO AND JULIE LANDERO'S MOTION TO REMAND

---

TO THE HONORABLE JORGE A. SOLIS:

COME NOW, James Landero and Julie Landero ("Plaintiffs") and file this, *Plaintiffs James Landero and Julie Landero's Motion to Remand,* and respectfully request that the Court remand this case to the 42nd Judicial District Court of Callahan County, Texas because Defendant Aaron Moyers ("Moyers") is a Texas citizen, as are Plaintiffs; therefore, there is not the required diversity of parties resulting in this Court's lack of jurisdiction of this suit. In support of remand and pursuant to the Federal Rules of Civil Procedure, Plaintiffs would show the Court as follows:

### I.      INTRODUCTION

1.      Federal jurisdiction under 28 U.S.C. §1332 requires the removing party to state facts showing a complete diversity of citizenship. Here, Defendant Liberty Insurance Corporation ("Liberty") fails to either establish complete diversity or prove improper joinder of Moyers.

Therefore, Liberty fails to meet its burden to demonstrate that federal jurisdiction exists. A remand is mandated.

## II.    ISSUE PRESENTED

2.     The issue presented is whether the Court has subject matter jurisdiction of this suit because Moyers is a properly joined non-diverse—Texas citizen—party in this suit. Plaintiffs contend therefore that the Court lacks subject matter jurisdiction.

## III.    SUMMARY OF CASE AND BACKGROUND

3.     This is a first-party insurance claim dispute arising out of a severe hailstorm and/or windstorm that struck Callahan County, Texas on or about June 12, 2014 and caused extensive damage to Plaintiffs' home.[1] Plaintiffs' home was insured by a Texas Homeowners' Insurance Policy issued by Liberty.[2]

4.     Plaintiffs submitted a claim to Liberty, and Liberty assigned Moyers to adjust the claim.[3] Moyers failed to conduct a reasonable investigation and adjustment of Plaintiffs' claim, causing the claim's wrongful underpayment and denial as well as other damages to Plaintiffs.[4]

5.     As a result, Plaintiffs filed suit in state district court on November 18, 2015, asserting causes of action for violations of Chapter 541 of the Texas Insurance Code, fraud, and conspiracy to commit fraud against all Defendants and additional claims for breach of contract, breach of the duty of good faith and fair dealing and violations of Chapter 542 of the Texas Insurance Code against Liberty only.[5]

---

[1] *See* Dkt. #1–3 at pp. 9-12
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *See* Dkt. #1–4 at pp. 12-14.

6.      On January 15, 2016, Liberty removed the case, contending that Moyers was improperly joined.[6]

## IV.      CONCLUSION

7.      As further detailed in Plaintiffs' brief in support of this motion, Liberty cannot meet its heavy burden to demonstrate improper joinder as articulated by the Fifth Circuit in *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc). Remand is warranted because Defendant Moyers' joinder was not improper, and thus, this Court lacks subject matter jurisdiction.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Honorable Court to grant *Plaintiffs James Landero and Julie Landero's Motion to Remand* and also request such other and further relief to which they may show themselves justly entitled, whether at law or in equity.

Respectfully submitted,


  */s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
Mostyn Law Firm
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY IN-CHARGE FOR PLAINTIFFS**

---

[6] *See* Dkt. #1.

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on February 18, 2016, counsel for Plaintiffs conferred with counsel for Defendants, Dan Scott, via email, regarding the foregoing Motion to Remand, and counsel for Defendants responded that Defendants are opposed to Plaintiffs' Motion to Remand therefore, the Court's intervention is needed at this time.

*/s/ Gregory F. Cox*
Gregory F. Cox

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 18th day of February, 2016, a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on all parties by and through its attorney(s) of record who are registered users of the ECF system, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

*/s/ Gregory F. Cox*
Gregory F. Cox