IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JAMES LANDERO AND JULIE LANDERO, | § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 1:16-CV-008-P-BL |
| LIBERTY INSURANCE CORPORATION AND AARON MOYERS[1], | § § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND

On November 18, 2015, Plaintiffs James and Julie Landero ("Plaintiffs") filed suit in state court against Defendants Liberty Insurance Corporation ("Liberty") and Aaron Moyers ("Moyers") (jointly "Defendants"), alleging violations of the Texas Insurance Code, fraud, conspiracy to commit fraud, breach of contract, and breach of the duty of good faith and fair dealing. Plaintiffs allege that Moyers is an insurance adjuster for Liberty, that Moyers and Plaintiffs are all Texas residents, and that Liberty is "a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas." (Doc. 1-3, 5.)

On January 15, 2016, Liberty filed notice of removal asserting that Moyers had been improperly joined to defeat federal diversity jurisdiction. (Doc. 1, 2). Liberty contends that it is a corporation organized under the laws of the State of Illinois with its principal place of business in Massachusetts. *Id.* As such, Liberty argues that there is diversity jurisdiction

---

[1] In the headers of most documents filed, this Defendant's name is spelled "Moyres," but this appears to the Court to be a misspelling based on the persistent use of "Moyers" in the bodies of documents submitted by both parties, as well as Defendants' use in the header of one document (Doc. 14). This Court will use "Moyers" in all instances.

between the *proper* parties since it contends that Moyers was sued solely to prevent removal from state court. Liberty, pointing to Plaintiff's original petition, asserts that the amount in controversy exceeds $75,000. (Doc. 1, 9).

## I. BACKGROUND

In either April or June 2014, Plaintiffs' residential property, located in Callahan County, Texas, suffered storm damage. At the time, Plaintiffs owned a property insurance policy issued by Liberty. Plaintiffs report that they filed a damage claim with Liberty, but that Liberty improperly underpaid the claim. Plaintiffs claim that Moyers, an individual adjuster, conducted a substandard investigation and inspection of Plaintiffs' property, failed to list all damages he noted during inspection, and undervalued the damages he observed. Plaintiffs allege that Moyers' investigation led to an underpayment of their claim. Plaintiffs contend that Liberty, through Moyers, conducted an outcome-oriented investigation which resulted in a biased, unfair, and inequitable evaluation of their property damages. (Doc. 1-3 at 7-8). Plaintiffs allege a laundry list of claims against Liberty and Moyers, including violations of the Texas Insurance Code and common law claims. (Doc. 1-3 at 11-17).

However, for this report, the Court will focus on the allegations against Moyers individually. Specifically, Plaintiffs claim that Moyers violated Texas Insurance Code § 541 because:

> During his investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages. The adjuster also omitted covered damages from his report, including all of Plaintiffs' damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated. ... [Moyers] is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Liberty, because he is a 'person' as defined by [§ 541.002(2)]. ... [Moyers'] misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe

than they in fact were; (3) using [his] own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. [Moyers'] unfair settlement practice ... constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

(Doc. 1-3 at 12-13). Plaintiffs further argue that the above facts give rise to causes of action for fraud and conspiracy to commit fraud against both Moyers and Liberty. (Doc. 1-3, 14).

## II. LEGAL STANDARD

### A. REMOVAL

A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over all civil actions provided there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 335 F.3d 853, 857 (5th Cir. 2003). The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 377 (5th Cir. 2010). In determining federal jurisdiction, the court's "inquiry is limited to examining the case 'as of the time it was filed in state court.'" *Standard Fire Ins. Co. v. Knowles*, —— U.S. ——, 133 S. Ct. 1345, 1349 (2013) (quoting *Wis. Dep't of Corr. v. Schact*, 524 U.S. 381, 390 (1998)).

### B. IMPROPER JOINDER

According to the Fifth Circuit, improper joinder can be demonstrated by "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action

against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). The second method requires the defendant to bear the burden of demonstrating "that there is no possibility of recovery by the plaintiff against an in-state defendant." *Id.* "The court may conduct a Rule 12(b)(6)-type analysis[2], looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

"Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*." *In'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (emphasis original) (citing *Twombly*, 550 U.S. 544, 547). "To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 547). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, quotation marks, and brackets omitted).

Finally, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

### III. ANALYSIS

Upon removal, Liberty insists that Moyers was joined solely to defeat federal diversity jurisdiction. (Doc. 14, 2). To substantiate its claim, Liberty must demonstrate actual fraud in the

---

[2] Referring to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that failure to state a claim on which relief can be granted is a defense to a claim, and has been interpreted to require certain standards of pleading in federal court. *See Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007)*

pleadings or Plaintiffs' inability to maintain a cause of action against Moyers in state court. *See Smallwood*, 385 F.3d at 573. The Court will conduct a Rule 12(b)(6) analysis in assessing the sufficiency of Plaintiffs' claims as contained in the original petition. *Id.*

"The joinder of a local claims adjuster in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular tactic." *Van v. Allstate Ins. Co.*, 2015 WL 2250243 (N.D. Tex. May 12, 2015). There is a split in this district, and others, as to whether a plaintiff can maintain a cause of action against an in-state claims adjuster – a situation requiring remand – for violations of the Texas Insurance Code aimed at insurance companies. For only two of many examples, Defendants argue that the facts in *Dalton v. State Farm Lloyd's Inc.*, 2013 WL 3157532 (S.D. Tex. June 19, 2013) are "essentially identical" to these and "complained of actions of an agent are indistinguishable from an insurer's actions, and are therefore insufficient to support a claim against the agent[,]" requiring a denial of the motion to remand, while Plaintiffs point to *Denley Grp., L.L.C. v. Safeco Ins. Co. of Ind.*, 2015 U.S. Dist. LEXIS 133432 (N.D. Tex. June 16, 2015), where an opposite conclusion was reached under substantially similar facts. (Doc. 14, 4; Doc. 10, 7).

However, the underlying facts are not determinative at this point; rather, this motion must be decided on whether the Plaintiffs sufficiently pled, in the original complaint and according to the federal standard, a reasonable basis for a claim against Moyers individually under Texas law. "[P]ost-removal filings may be considered only to the extent they amplify or clarify facts alleged in the state-court complaint...." *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344 (5th Cir. 2013). As such, only claims in the original petition asserted against Moyers individually or against the Defendants jointly require the following analyses, with later pleadings serving only to clarify those original claims.

### A. Noncompliance with Texas Insurance Code: Unfair Settlement Practices

Chapter 541 of the Texas Insurance Code states that "[a] person may not engage in [Texas] in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance" and explicitly includes an adjuster as such a person. Tex. Ins. Code §§ 541.002(2); 541.003. Later, § 541 states that

> (a). It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
> 1. misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> 2. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>    A. a claim with respect to which the insurer's liability has become reasonably clear …
> 3. failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
> 4. failing within a reasonable time to:
>    A. affirm or deny coverage of a claim to a policyholder; or
>    B. submit a reservation of rights to a policyholder;
> 5. refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;
> 6. undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been bade, unless the payment is a compromise settlement of a doubtful or disputed claim;
> 7. refusing to pay a claim without conducting a reasonable investigation with respect to the claim; ….

Tex. Ins. Code § 541.060(a). Plaintiffs contend that Moyers' misrepresented and engaged in deceptive conduct by failing to conduct a reasonable investigation, underestimating damages,

making decisions outside his authority, and not providing "an adequate explanation for the inadequate compensation Plaintiffs received." (Doc.1-3, 9).

Plaintiffs are correct that individual liability is available against an insurance adjuster under the general facts here. Plaintiffs "may recover against an adjuster under § 541.060 for 'failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy' for the denial of the claim, § 541.060(a)(3) … and for 'refusing to pay [a] claim without conducting a reasonable investigation,' § 541.060(a)(7)." *Petree v. Metro. Lloyds Ins. Co. of Tex.*, 2016 WL 3090592, at *4 (N.D. Tex. June 2, 2016) (citing *Exchange Services, Inc. v. Seneca Insurance Co., Inc.*, 2015 WL 6163383, at *3 (N.D. Tex. Oct. 16, 2015)).

Since individual liability is available under § 541, the question is whether Defendants have met their burden of showing that there is no reasonable basis to believe that Plaintiffs might have a viable claim in state court. When viewed in the most favorable light, Plaintiffs plead three facts that rise above the statutory boilerplate and conclusory allegations which are insufficient under the federal pleading standard – and which make up the majority of the original state court complaint. (Doc. 1-3). First, Plaintiffs allege that Moyers inspected the property for fifteen minutes. (Doc. 1-3, 7). Second, Plaintiffs claim that Moyers made coverage decisions without providing reasonable explanations. (Doc. 1-3, 7). Finally, Plaintiffs assert that Moyers made note of damage caused by the storm, and then declined to list that damage in his report. (Doc. 1-3, 7). The role of this court is not to determine whether those actions happened as claimed or are even violations of § 541, but whether there is a reasonable possibility that Plaintiffs might recover against Moyers for a violation of the cited statute. *Smallwood*, 385 F.3d at 573. This Court finds that there is such a reasonable possibility, and recommends remand on that ground.

Case 1:16-cv-00008-C   Document 18   Filed 06/15/16   Page 8 of 9   PageID 280

### B. Fraud and Conspiracy to Commit Fraud

In their original complaint, Plaintiffs claim that Defendants are liable for both fraud and conspiracy to commit fraud under the common law. (Doc. 1-3, 14). In support of both assertions, Plaintiffs offer only "a formulaic recitation of the elements of [the] cause of action," which is flatly insufficient under the federal standard. *Twombly*, 550 U.S. at 555 (internal citations, quotation marks, and brackets omitted). However, as Plaintiffs successfully pled facts that meet the necessary standard when viewed most favorably, as discussed above, this deficient pleading – at least when analyzed under the federal *Twombly* standard - will not prevent remand.

### IV. RECOMMENDATION

This Court finds Plaintiff's claims to have a reasonable possibility of recovery against Moyers under Texas Insurance Code § 541. Because Defendants have not met their heavy burden of demonstrating that Moyers has been improperly joined, the court **RECOMMENDS** that Plaintiff's Motion to Remand (Doc. 9) be **GRANTED.**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is **ORDERED** that this case be transferred back to the district court.

**SO ORDERED.**

Dated June __15__, 2016.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**